UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LOIS PATTERSON, by and through her Guardian Ad Litem, SHARON COBB,

        Plaintiff,

   v.

BANKERS LIFE AND CASUALTY COMPANY, INC.,

        Defendant.

NO. CIV. S-06-1184 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Lois Patterson's ("plaintiff") motion to modify the Pretrial Scheduling Order ("PSO") to permit plaintiff to file an amended complaint, naming an additional defendant and asserting a new cause of action under state law against defendant Bankers Life and Casualty Company, Inc. ("Bankers").[1]  Bankers opposes the

---

[1] Plaintiff erroneously filed her motion under Federal Rule of Civil Procedure 15(a). However, as detailed below, once a PSO has been issued pursuant to Federal Rule of Civil Procedure
(continued...)

motion.[2]

For the reasons set forth below, plaintiff's motion is GRANTED in part with respect to the new defendant, and as that defendant destroys complete diversity, the case is remanded to the Superior Court of California, County of Butte.

## BACKGROUND

Plaintiff Lois Patterson is a California resident over the age of 65. (Pl.'s Compl. ["Compl."], filed March 30, 2006, ¶¶ 1-2.) In May 2003, plaintiff was contacted by Donna Borden, a sales unit manager for Bankers. (Compl. ¶ 10.) Ms. Borden sold plaintiff an annuity policy for which plaintiff paid over $157,000.00. (Compl. ¶ 11.) In addition, Ms. Borden fraudulently procured from plaintiff checks totaling $39,000.80, which Ms. Borden then converted for her own personal use. (Compl. ¶¶ 11, 16, 17, 31, 32.) Plaintiff's friend and guardian ad litem in this case, Sharon Cobb, reported Ms. Borden's activities to local law enforcement in June 2004. (Compl. ¶ 30.)

Following an investigation, Ms. Borden pled no contest to felony elder theft (Cal. Penal Code § 368) on October 12, 2005. (Compl. ¶ 37.) As a result of the conviction, plaintiff obtained a restitution judgment against Ms. Borden in the amount of $39,001.00. (Pl.'s Mot., Exh. 1, filed Oct. 12, 2006.) Ms.

---

[1](...continued)
16(b), any motion to amend the pleadings must be brought under Rule 16(b). A PSO was filed in this case on August 7, 2006. Therefore, the court construes plaintiff's motion as a motion to modify the PSO pursuant to Rule 16(b).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

Borden has been paying this restitution to plaintiff in increments of $500.00 per month since March 2006.  (Decl. of Shannon Thompson in Supp. Of Pl.'s Mot. ["Thompson Decl."], filed Oct. 12, 2006, ¶ 3.)

Plaintiff filed the instant suit against Bankers on March 30, 2006 in state court.  She seeks, *inter alia*, return of the $157,000.00 annuity premium, and alleges claims against Bankers for negligent hiring, retention, and supervision; general negligence; conversion; theft; fraud; misrepresentation; negligent infliction of emotional distress; breach of fiduciary duty; breach of implied covenant of good faith and fair dealing; breach of contract; and statutory elder abuse.  Plaintiff alleges Bankers is liable both directly and under the doctrine of *respondeat superior*.  Bankers, an Illinois corporation, removed the action to this court on May 31, 2006, on the basis of diversity jurisdiction.  The court issued its PSO on August 7, 2006.

Recently, Ms. Borden contacted plaintiff's counsel and stated that she was having difficulty maintaining employment and anticipated that she would be unable to continue making restitution payments.  (Thompson Decl. ¶¶ 5,6.)  Consequently, plaintiff wishes to amend her complaint to add Ms. Borden, a California resident, as a defendant in this case.  Plaintiff seeks to allege the following causes of action against Ms. Borden: negligent infliction of emotional distress; breach of fiduciary duty; breach of implied covenant of good faith and fair dealing; statutory elder abuse; and violation of California Business and Professions Code section 17200 ("Section 17200").

(Pl.'s Mot., Exh. 2 (Pl.'s Proposed First Am. Compl.).) Additionally, plaintiff moves to amend her complaint to add a claim against Bankers for violation of Section 17200, based on recently discovered facts.  (Pl.'s Mot., Exh. 2, ¶¶ 111-118.)

**STANDARD**

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).

A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).  The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial.  See Mammoth Recreations, 975 F.2d at 610-11; Fed. R. Civ. P. 16 advisory committee notes (1983 amendment).

Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b).  The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  Mammoth Recreations, 975 F.2d at 609.  The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the

4

moving party's reasons for modification.  If that party was not diligent, the inquiry should end."  Id. at 610; see also Gestetner, 108 F.R.D. at 141.  Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment is proper.  See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

## ANALYSIS

Plaintiff moves to add Ms. Borden as a defendant in order to protect all of plaintiff's interests and ensure full recovery. Defendant contends that plaintiff's motion does not show good cause to add Ms. Borden, particularly in light of the fact that plaintiff already has an enforceable judgment against Ms. Borden in the amount of $39,001.00.  Additionally, defendant points to the parties' joint status report, submitted to the court on July 7, 2006, in which plaintiff stated that she had no intention of adding any additional parties.

Plaintiff first sought to add Ms. Borden as a defendant on September 27, 2006, when she requested defendant stipulate to such an amendment. (Pl.'s Mot. Exh. 3.)  Plaintiff believed the statute of limitations would run on her claims against Ms. Borden on October 12, 2006; therefore, she requested a response from defendant by September 29, 2006.[3]  Defendant did not respond, and plaintiff thereafter filed the instant motion on October 12, 2006.  Although plaintiff acknowledges that adding Ms. Borden as

---

[3] Ms. Borden has since stipulated to extend the statute of limitations for all claims which plaintiff may have against her until December 1, 2006. (Pl.'s Mot., Exh. 5.) Ms. Borden executed this stipulation on September 29, 2006.

5

a defendant will destroy diversity jurisdiction, she states that she has "no intention of filing for remand" if the amendment is granted.

In cases that have been removed on the basis of diversity jurisdiction, "if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder or permit the joinder and remand the case to state court." Boon v. Allstate Insurance Co., 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002); 28 U.S.C. 1447(e). The court does not have the option of permitting the joinder but retaining jurisdiction. See Yniques v. Cabral, 985 F.2d 1031, 1035 (9th Cir. 1993). Additionally, a diversity-destroying amendment is scrutinized more closely than a general amendment. IBC Aviation Svcs, Inc. v. Compania Mexicana De Aviacion, S.A. De C.V., 229 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). In determining whether to allow the amendment, the court should consider the necessity of the party sought to be joined, whether the statute of limitations would prevent the filing of a separate action in state court, the timeliness of the motion, and the prejudice to the parties. Boon, 229 F. Supp. 2d at 1020.

Here, plaintiff contends that she may not obtain complete relief in this action unless Ms. Borden is added as a defendant. While plaintiff has an enforceable judgment against Ms. Borden for the $39,001.00 that Ms. Borden converted for her own use, plaintiff does not have a judgment for the $157,000.00 she paid for the annuity policy. Without evaluating the merits of her claims, it appears plaintiff has articulable claims against Ms. Borden for her part in the sale of the annuity policy to

plaintiff. Moreover, plaintiff proceeds under a theory of *respondeat superior* in several of her causes of action against Bankers. The doctrine of *respondeat superior* "clearly contemplates that the negligent employee whose conduct is sought to be attributed to the employer at least be specifically identified, if not joined as a defendant." <u>Munoz v. City of Union City</u>, 120 Cal. App. 4th 1077, 1113 (2004).

In addition, although plaintiff has procured a waiver of the statute of limitations from Ms. Borden, extending the time to bring claims against her to December 1, 2006, the court notes that if the instant motion were denied, the statute of limitations will, in all likelihood, have run on plaintiff's claims against Ms. Borden by the time she could re-file in state court.

Furthermore, plaintiff's motion, while not filed immediately upon removal, is nonetheless timely and should not result in substantial prejudice to either party. The initial complaint in this case was filed March 30, 2006. Bankers removed the case on May 31, 2006, and filed an answer on June 5, 2006. A delay of approximately four months between the filing of Bankers' answer and the motion to amend is not substantial enough to render plaintiff's motion untimely. <u>C.f.</u> <u>Lopez v. General Motors Corp.</u>, 697 F.2d 1328, 1332 (9th Cir. 1983) (holding that a delay of six months was unreasonable, where the motion to amend was filed on the eve of a hearing on a motion for summary judgment).

Given these considerations, the court finds good cause to permit plaintiff to amend her complaint to add Ms. Borden as a defendant. Because Ms. Borden is a California resident, her

joinder destroys diversity and deprives this court of jurisdiction.  See Strawbridge v. Curtiss, 7 U.S. 267 (1806); Yniques, 985 F.2d at 1034 fn. 1.  The case is therefore remanded to the state court in which it was initially filed. Consequently, the court does not reach the issue of whether plaintiff may further amend her complaint to state a claim for violation of California's Business and Professions Code section 17200 against Bankers.[4]

## CONCLUSION

The court finds plaintiff has demonstrated good cause to modify the PSO and permit plaintiff to amend her complaint to add Donna Borden as a defendant.  The court GRANTS plaintiff's motion to amend as to the addition of Ms. Borden only.  Because Ms. Borden's joinder destroys complete diversity and thereby divests this court of jurisdiction, this case is REMANDED to the Superior Court of California, County of Butte.

IT IS SO ORDERED.

DATED: November 22, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The court deems plaintiff's proposed First Amended Complaint filed as of the date of this order, with the exception of her Thirteenth Cause of Action against Bankers for violation of Section 17200.